# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| In re: | ) Case No. 09-40795 |
| | ) Jointly Administered |
| FORUM HEALTH, *et al.* | ) Chapter 11 |
| Debtors | ) |
| | ) Judge Kay Woods |
| FORUM HEALTH, *et al.*[1] | ) |
| Plaintiffs | ) |
| | ) Adversary Proceeding: |
| v. | ) |
| OFFICE DEPOT, INC. | ) |
| Corporate Creations Network, Inc., Statutory Agent | ) |
| 3411 Silverside Road Rodney Building #104 | ) |
| Wilmington, DE 19810 | ) |
| and | ) |
| OFFICE DEPOT, INC. | ) |
| Corporate Creations Network, Inc., Statutory Agent | ) |
| 119 E. Court Street | ) |
| Cincinnati, Ohio 45202 | ) |
| and | ) |
| OFFICE DEPOT, INC. | ) |
| 6600 North Military Trail | ) |
| Boca Raton, FL 33496 | ) |
| Defendant | ) |

---

[1] The Debtors and Plaintiffs are: Forum Health (31-1560189), Forum Health Diagnostics Co. (34-1773672), Forum Health Enterprises Co. (34-1368151), Forum Health Outreach Laboratories, Inc. (34-1437294), Forum Health Ventures Co. (34-1489491), Forum Health Pharmacy Services Co. (34-1754092), Forum Health Rehabilitative Services Co. (31-1581767), Forum Health Services Co. (34-1461044), Western Reserve Care System (34-1454933), Dacas Nursing Support Systems, Inc. (34-1482591), Dacas Nursing Systems, Inc. (34-1456983), Beeghly Oaks (31-1196072), PrideCare, Inc. (34-1490425), Trumbull Memorial Hospital (34-1461049), Comprehensive Psychiatry Specialists, Inc. (34-1697739) and Visiting Nurse Association and Hospice of Northeast Ohio (34-0714388).

## COMPLAINT TO AVOID AND RECOVER PREFERENTIAL PAYMENTS

NOW COME the above-captioned debtors and debtors-in-possession (collectively, the "Debtors" or "Plaintiffs"), by and through their undersigned counsel, Nadler Nadler & Burdman Co., L.P.A., and for their Complaint to Avoid and Recover Preferential Payments made for the benefit of Office Depot, Inc. (the "Defendant"), hereby allege as follows:

### General Background, Jurisdiction, Venue and Parties

1. On March 16, 2009 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors are continuing in possession of their property and are managing their businesses, as debtors in possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2. This Court has jurisdiction over the Adversary Proceeding pursuant to 28 U.S.C. §§ 157(a) and 1334(b).

3. This Adversary Proceeding constitutes a core proceeding within the meaning of 28 U.S.C. §157(b)(2), (A), (B), (E), (F) and (O).

4. This Adversary Proceeding is commenced pursuant to Rule 7001(1) of the Federal Rules of Bankruptcy Procedure.

5. Venue is proper pursuant to 28 U.S.C. § 1409(a).

6. This Adversary Proceeding is brought pursuant to 11 U.S.C. §§ 105, 502(d), 547, 549, 550 and 1142.

7. This Court has personal jurisdiction over the Defendant pursuant to Rule 7004(f) of the Federal Rules of Bankruptcy Procedure.

2

11-04062-kw    Doc 1    FILED 03/09/11    ENTERED 03/09/11 12:13:02    Page 2 of 8

8. Upon information and belief, the Defendant is a corporation organized under the laws of the State of Delaware with its principal place of business located at 6600 North Military Trail, Boca Raton, Florida 33496.

## COUNT I
### (To Avoid Preferential Transfers Pursuant to 11 U.S.C. § 547)

9. Paragraphs 1 through 8, above, are incorporated herein by reference.

10. During the ninety days prior to the Petition Date (the "Preference Period"), the Debtors transferred the sum of $44,912.47, to the Defendant, for payment of pre-petition invoices (the "Preferential Transfers"), which Preferential Transfers are detailed in Exhibit A[2] attached hereto and incorporated herein.

11. The Defendant may have received additional Preferential Transfers, which the Plaintiffs may identify during the discovery process. By this Complaint, the Plaintiffs also seek the return of any such additional Preferential Transfers.

12. Funds for the Preferential Transfers came from the Debtors' accounts and constitute an interest of the Debtors in property. The Preferential Transfers diminished the value of the Debtors' estate by the amount of the Preferential Transfers.

13. The Preferential Transfers were made by the Debtors to or for the benefit of the Defendant as a creditor of the Debtors, for or on account of antecedent debt owed by the Debtors before the Preferential Transfers were made.

14. The Debtors were insolvent at the time of the Preferential Transfers.

15. The Preferential Transfers by the Debtors to the Defendant were made for the benefit of the Defendant and enabled the Defendant to receive more than the Defendant would have received

on account of the antecedent debt if this proceeding were a proceeding under Chapter 7 of the Bankruptcy Code, the Preferential Transfers had not been made, and the Defendant received payment of such debt to the extent provided for by the provisions of the Bankruptcy Code.

16. Plaintiffs may avoid the Preferential Transfers made to the Defendant, pursuant to section 547(b) of the Bankruptcy Code.

17. Pursuant to section 550 of the Bankruptcy Code, the Plaintiffs may recover the value of the Preferential Transfers made to the Defendant.

18. Accordingly, the Plaintiffs are entitled to judgment against the Defendant avoiding the Preferential Transfers and recovering the value of the Preferential Transfers plus pre-judgment interest, post-judgment interest, costs, and attorney's fees.

## COUNT II
### (To Recover Avoided Transfers Pursuant to 11 U.S.C. § 550)

19. Paragraphs 1 through 18, above, are incorporated herein by reference.

20. The Defendant is a transferee as that term is defined in section 550(a) of the Bankruptcy Code.

21. Pursuant to section 550 of the Bankruptcy Code, the Plaintiffs are entitled to recover the Preferential Transfers avoided under section 547 of the Bankruptcy Code.

22. Any transfer avoided by this Court pursuant to section 547 of the Bankruptcy Code is preserved for the benefit of the Debtors' estate with respect to property of the Debtors' bankruptcy estate, pursuant to section 551 of the Bankruptcy Code.

---

[2] Exhibit A attached hereto lists each known transfer made by the Debtors to or for the benefit of the Defendant during the Preference Period. Plaintiffs reserve the right to amend this Complaint in the event additional transfers are identified.

23. Accordingly, the Plaintiffs are entitled to judgment against the Defendant awarding the Preferential Transfers or their value to the Debtors' estate and preserving such value for the Plaintiffs for the benefit of the Debtors' estate, plus pre-judgment interest, post-judgment interest, costs and attorney's fees.

## COUNT III
### (To Disallow Claims Pursuant to 11 U.S.C. § 502(d))

24. Paragraphs 1 through 23, above, are incorporated herein by reference.

25. The Defendant is the transferee of the Preferential Transfers.

26. Defendant has or may claim to have a claim or claims against the Debtors' estate.

27. The Plaintiffs object to any and all claims of the Defendant, including without limitation, all pre-petition and post-petition claims, pursuant to section 502(d) of the Bankruptcy Code.

28. The Plaintiffs are entitled to judgment against the Defendant disallowing all claims of the Defendant unless and until Defendant returns all amounts due to the estate in this case as provided by section 502(d) of the Bankruptcy Code, and any other separately filed objections to such claims are resolved.

WHEREFORE, the Plaintiffs demand judgment by this Court as follows:

A. Determining that the Preferential Transfers are avoidable and that the Plaintiffs may recover $44,912.47 from the Defendant under sections 547 and 550 of the Bankruptcy Code; and

B. Preserving the Preferential Transfers for the benefit of the Debtors' chapter 11 bankruptcy estate; and

C. Granting to the Plaintiffs an award of pre-judgment interest, costs and attorneys fees, together with interest on the judgment at the applicable judgment rate; and

D. Disallowing all claims of the Defendant in accordance with section 502(d) of the Bankruptcy Code; and

5

11-04062-kw    Doc 1    FILED 03/09/11    ENTERED 03/09/11 12:13:02    Page 5 of 8

E. Granting the Plaintiffs such other and further relief as this Court deems just and appropriate under the circumstances.

/s/ *Timothy M. Reardon*
MICHAEL A. GALLO, ESQ.
TIMOTHY M. REARDON, ESQ.
Nadler Nadler & Burdman Co., L.P.A.
20 Federal Plaza West, Suite 600
Youngstown, Ohio 44503
(330) 744-0247/FAX (330) 744-8690
tmreardon@nnblaw.com

**ATTORNEYS FOR DEBTORS/PLAINTIFFS**

# EXHIBIT "A"

| Debtor Name | Name | Payment Type | Check# | Payment Amount | Payment Clear Date | Invoice # | Invoice Amount |
|---|---|---|---|---|---|---|---|
| Forum Health | OFFICE DEPOT | Check | 129725 | 14,581.41 | 12/30/2008 | 2482671 | 14,581.41 |
| Forum Health | OFFICE DEPOT | Check | 129944 | 15,611.24 | 2/3/2009 | 2508641 | 15,611.24 |
| Forum Health | OFFICE DEPOT | Check | 130106 | 14,719.82 | 3/3/2009 | 2536441 | 14,719.82 |
| TOTAL | | | | 44,912.47 | | | |