**IT IS SO ORDERED.**



ENTERED PURSUANT TO ADMINISTRATIVE ORDER
NO. 08-02: KENNETH J. HIRZ, CLERK OF COURT

BY: /s/ Kelly Migletz
     Deputy Clerk

Dated: March 09, 2011 01:43:22 PM

```
              UNITED STATES BANKRUPTCY COURT
                 NORTHERN DISTRICT OF OHIO
```

| IN RE:<br>FORUM HEALTH, ET AL<br>       Debtor(s). | CASE NUMBER     09-40795<br><br>HONORABLE KAY WOODS |
|---|---|
| FORUM HEALTH, ET AL<br>       Plaintiff(s),<br>vs.<br>OFFICE DEPOT, INC.<br>       Defendant(s). | ALL DOCUMENTS REGARDING THIS ACTION <u>MUST</u> BE IDENTIFIED BY <u>BOTH</u> ADVERSARY AND BANKRUPTCY CASE NUMBERS.<br><br>ADVERSARY NUMBER  11-4062 |

**ADVERSARY CASE MANAGEMENT INITIAL ORDER**

     This order shall apply in this adversary proceeding pursuant to the requirements of FED. R. BANKR. P. 7016 and shall not be modified except by leave of the Court upon a showing of good cause. The term counsel, as it is used in this order, includes the case attorney and any other attorney designated or authorized to appear in this proceeding as well as any individual or entity appearing *pro se*.

**Counsel for Plaintiff(s) is hereby entrusted with the responsibility of serving all defense counsel with a copy of this order upon learning their identity.** Counsel for all parties are expected to be fully aware of the directives set forth herein and Plaintiff('s') counsel shall be held accountable for a Defendant('s') failure to comply with this order due to that Defendant('s') lack of knowledge concerning the contents of this order because of failure of service of the order. **Plaintiff('s') counsel shall promptly submit a certificate of service to the Clerk certifying service of a copy of this order on Defendant('s') counsel. A copy of this order shall be served with the complaint and summons on each named Defendant.**

1. **LOCAL AND BANKRUPTCY RULES.**

All counsel shall familiarize themselves with and follow the Federal Rules of Bankruptcy Procedure and applicable Local Rules of the United States District Court for the Northern District of Ohio. Copies of the Local Rules are available on the Court's website at [www.ohnb.uscourts.gov](www.ohnb.uscourts.gov) or from the Clerk of the Bankruptcy Court in the Northern District of Ohio.

2. **DISCOVERY.**

Formal discovery shall begin promptly upon service of the summons and complaint consistent with FED. R. CIV. P. 26, as amended, and, unless so ordered otherwise by the Court, **shall be completed by the one hundred twentieth (120th) day following such service.** A motion for extension of the discovery deadline, set forth above, must include a reason for the requested extension and must be filed prior

2

to the close of the discovery period, *i.e.* the 120th day following service. Counsel are expected to comply with discovery requirements. Counsel conducts "informal discovery" at his/her own peril. (Please be advised that "informal discovery" is no substitute for the formal discovery process.) Pursuant to Local Rules, the initial disclosure requirements of FED. R. CIV. P. 26(a) shall not apply, unless specifically ordered by the Court.

Pursuant to FED. R. CIV. P. 16(b) and 26(f), incorporated and made applicable to this proceeding by FED. R. BANKR. P. 7016 and 7026, the parties must confer, as soon as possible, to develop a proposed discovery plan. Counsel share joint responsibility for arranging the conference and attempting in good faith to agree to a proposed discovery plan. Counsel shall jointly submit to the Court a written report outlining the discovery plan in substantially the same form as the attached proposed discovery plan within sixty (60) days of service of the summons and complaint.

If the parties jointly agree to a discovery plan longer than the one hundred twenty (120) day period referenced above and timely file such plan with the Court, it is not necessary to file a motion to extend the discovery cutoff through the date in the discovery plan. Thereafter, any proposed extension(s) of discovery must include a reason for the requested extension and must be filed prior to the close of the discovery period. If the parties do not file a proposed discovery plan, discovery shall be governed by the one hundred twenty (120)day default provision referenced above.

Discovery disputes may be brought to the Court's attention

by appropriate motion, subject to applicable Local Rules of the United States District Court for the Northern District of Ohio, the provisions of FED. R. BANKR. P. 7026-37 and other provisions of applicable law.  The Court will consider appropriate sanctions to parties or their counsel for failure to undertake or to respond to discovery requests.  In the case of a corporate or partnership party, sanctions may be made applicable to appropriate officers, partners, agents or employees.

### 3. AMENDMENTS TO PLEADINGS.

No party may be added and no amendment to the pleadings shall be permitted after the one hundred twentieth (120th) day following service of the summons and complaint, except by written leave of the Court.

### 4. MOTIONS FOR DEFAULT JUDGMENT.

If a party fails to timely answer, move or otherwise plead in response to a claim, a cross-claim or a counter-claim, the party asserting such claim may file a motion for default judgment specifying that proper service was made upon the defaulting party and that such party has failed to timely appear, answer, move or plead and, after notice and hearing, the Court may grant such motion.  If the party against whom default is sought is an individual, an appropriate affidavit setting forth that the individual is not a minor, incompetent, or in the military service shall accompany such motion. The Court will hold hearings on motions for default judgment. In Chapter 7 and 13 cases, the moving party shall select a hearing date from the Court's website and shall provide notice of the hearing

4

that provides at least twenty one (21) days for a response to be filed.

## 5. TELEPHONIC STATUS CONFERENCES.

Following a review of the initial pleadings and the proposed discovery plan, the Court may issue an order setting a pretrial conference.

Pretrials designated as "telephonic" status conferences will be conducted by telephone. The Court will contact counsel for the parties at the telephone numbers counsel provides to the Court.

Immediately following the close of discovery, Plaintiff shall contact the Court to schedule a telephonic status conference where the parties shall: (i) report on discovery; (ii) discuss whether the case is a candidate for summary judgment; and/or (iii) obtain a final pretrial date.

## 6. DISPOSITIVE MOTIONS

### A. Leave of Court Required

A motion for summary judgment may be filed only if the movant first obtains leave of Court. Such motion for leave shall be filed subsequent to the close of discovery and prior to the Court setting a trial date. The motion for leave shall set forth the elements of movant's claim(s) or defense(s) and shall be accompanied by a joint stipulation of facts demonstrating that there are no genuine issues of material fact. In addition to stipulating to the undisputed material facts, the parties shall also stipulate that no genuine issue of material fact exists. When an issue of material fact is unreasonably disputed and the moving party has testimonial or

5

documentary evidence to prove the material fact, the party shall include in the motion for leave: (i) identification of the material fact; (ii) the reason for the dispute; and (iii) the basis for alleging that the fact can not be reasonably disputed. In the event of a non-responsive party, the party moving for leave may request sanctions. If a party files a motion for summary judgment without leave of Court, the motion for summary judgment may be stricken by the Court *sua sponte*.

### B. Response Time

For all dispositive motions (summary judgment, Defendant('s') motion to dismiss, motion for judgment on the pleadings), the Court will permit the opposing party to file a response within twenty one (21) days after the motion is filed. Absent prior leave of the Court, no reply or further pleading will be permitted.

### 7. FINAL PRETRIALS.

The Court shall conduct a final pretrial on the record — with counsel and all parties required to be present — prior to setting a trial date. Three business days prior to the final pretrial, each party shall file a pretrial statement setting forth:

(a) each cognizable claim and/or defense,

(b) the applicable law with <u>specific citations</u> to all statutes and/or case law to support each claim and/or defense; and

(c) exhibit and witness lists, which include a summary of the testimony to be presented by each witness. <u>Witnesses not so named by either party will not be permitted to testify except as may be ordered by the Court</u>. This restriction shall not apply to rebuttal witnesses.

The parties shall also jointly prepare and file a statement of contested and uncontested facts. Failure to timely file the foregoing

pretrial materials may result in dismissal of the case and/or sanctions.

At the final pretrial conference, counsel shall be prepared to consider and take action with respect to:

- (a) the formulation and simplification of issues, including the elimination of frivolous claims and/or defenses,

- (b) the possibility of obtaining admissions of fact and stipulations regarding authenticity of documents,

- (c) the avoidance of unnecessary proof and of cumulative evidence,

- (d) the estimated length of trial and the setting of a date certain for trial, which trial shall continue, when possible, from day to day thereafter until completed,

- (e) the current status of settlement negotiations, the possibility of settlement, and the use of alternate dispute resolution procedures,

- (f) any evidentiary matters, including motions in limine, and

- (g) such other matters as may aid in the disposition of the adversary action.

Unless otherwise instructed, counsel should appear with clients at the final pretrial. Counsel may appear at the final pretrial conference by telephone **only** if counsel contacts Judge Woods' Courtroom Deputy Clerk at 330-742-0906 at least two (2) business days prior to the date of the conference and obtains permission from the Court to appear telephonically. In such an event, counsel shall provide a telephone number where counsel can be reached at the time scheduled for the conference. At the pretrial conference, at least one of the attorneys for each party shall have authority to: (i) settle the case; (ii) enter into stipulations; and (iii) make admissions regarding all matters that participants may reasonably

7

anticipate will be discussed.  The provisions of FED. R. CIV. P. 16(f), incorporated herein by FED. R. BANKR. P. 7016, are made specifically applicable to this order.  Failure to appear may be sanctioned by dismissal, entry of default or otherwise.

**8.  JURY DEMANDS.**

In any adversary proceeding where a jury demand is made, the Court will make an initial determination as to whether the case constitutes a core proceeding and whether there is a basis for the Court to conclude that the right to a jury trial does or may exist. If the Court concludes that a jury right does or may exist, the parties will be polled as to whether they consent to proceed in this Court.  If all parties do not consent to trial by jury in this Court, the Court will promptly refer the adversary case file to the Clerk of the United States District Court for this District for appropriate assignment.  See, 28 U.S.C. § 157(e), § 1411; FED. R. BANKR. P. 9020(d).

**9.  ALTERNATE DISPUTE RESOLUTION.**

The Court may apply Court-annexed dispute resolution processes to provide quicker, less expensive, and more satisfying alternatives to conventional litigation where appropriate.  Such alternative dispute resolution may take one or more of the forms set forth in the Local Rules of the United States District Court for the Northern District of Ohio, available on the District Court's website at www.ohnd.uscourts.gov.  Any party may move the Court for the application of such dispute resolution alternatives at any time prior to or at a final pretrial conference or thereafter on a showing

8
11-04062-kw    Doc 3    FILED 03/09/11    ENTERED 03/09/11 13:44:53    Page 8 of 11

of cause or agreement of all parties to the proceeding.  Any costs attendant thereto may be taxed by the Court equally among the parties or otherwise as the parties may agree.  Unless otherwise ordered, any such dispute resolution order by the Court shall be binding on the parties and their counsel.

###

THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

IN RE:

DEBTOR('S') NAME,

    Debtor(s).

Case No. _____

PLAINTIFF('S') NAME,

    Plaintiff(s),

vs.

DEFENDANT('S') NAME,

    Defendant(s).

Adversary Proceeding No. _____

**P R O P O S E D   D I S C O V E R Y   P L A N**

1. This is the recommended discovery plan of _____
                                                                                (Name of Party / Parties)

2. This is an action for _____
    _____
    _____ and is brought pursuant to _____
                                                              (Cite Statutes and Rules)

3. Recommended discovery plan:

    (a) Discovery will be needed on the following subjects: (brief description of subjects on which discovery will be needed) _____
        _____
        _____
        _____

    (b) All discovery will be commenced in time to be completed by _____
                                                                       (Date)

    (c) Each party will serve a maximum number of _____ interrogatories on any other party.
                                                  (Number)

    (d) Each party will make a maximum number of _____ requests for admission.

(e) Plaintiff(s) may conduct a maximum of _____ depositions.
(Number)

Defendant(s) may conduct a maximum of _____ depositions.
(Number)

(f) Each party will disclose experts by _____
(Date)

(g) Does either party contemplate discovery involving non-parties? _____

If so, identify those individuals: _____
_____
_____
_____

4. The proceedings should be ready for trial by _____. The trial is expected to take
(Date)
approximately _____ hours / days.
(Time)

5. Are the parties amenable to mediation or other alternative dispute resolution?

If "yes," please specify the appropriate time to conduct alternative dispute resolution:

6. List any other matters that will aid the Court in preparation of the case for trial.

_____
Counsel for Plaintiff(s)


_____
Counsel for Defendant(s)